IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CLEVELAND R. ELLIS                                                                                    PLAINTIFF

v.                                              4:07CV00607-WRW

BANK OF AMERICA, BENNY
O'NEIL, and FLORIDA EWINGS                                                                DEFENDANTS

## ORDER

Plaintiff, acting *pro se*, alleges that Defendants have conspired to deprive him of equal protection under the law and discriminated against him because of his race, African-American, in violation of 42 U.S.C. §§ 1981 and 1983. Defendants have moved to dismiss the claims (Doc. Nos. 5 and 10), and Plaintiff has responded (Doc. Nos. 12 and 13).

**I.     Background**

The underlying lawsuit arose from two probate matters closing the Estate of Hazel Tatum Bowers ("Bowers"), in the Circuit Court of Pulaski County, Arkansas. Florida Ewings, represented by Benny O'Neil, along with other beneficiaries to the Bowers's will, sued the Bank of America, as trustee of the Hazel Tatum Bowers Revocable Trust, and Plaintiff for mishandling the trust. The Bank of America ("Bank") and the beneficiaries settled their claims and the Bank was dismissed.

At the same time, Ewings and other beneficiaries also filed a will contest and sought to have a 1991 will probated instead of a 2000 will which left everything to Plaintiff. The Circuit Court found in favor of the other beneficiaries invalidating the 2000 will and adopting the 1991 will. Ewings was named the administrator of the Estate of Hazel Tatum Bowers.

Plaintiff now brings this case arguing that the Defendants conspired against him to defeat his interest in the Bower's Estate and that the Bank mishandled the Bower's Estate.

**A.      Section 1983**

Defendants first argue that, because there is no state actor, Plaintiff has no standing bring a § 1983 claim against them.  If a plaintiff lacks standing, the district court has no subject matter jurisdiction.[1]  "Whether a court has subject matter jurisdiction is an issue that any party or the court may raise at any time."[2]  Only state actors can be held liable under § 1983.[3]  When a plaintiff brings a § 1983 claim against an individual or entity that ordinarily does not act under color of state law, the plaintiff must allege that the entity conspired with state actors to violate constitutional rights.[4]  Plaintiff has not met this burden of showing that any of the Defendants are state actors or acting under color of state law.  Accordingly, Plaintiff's § 1983 claims are dismissed.

**B.      Section 1981**

---

[1] *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002).

[2] *South Dakota Farm Bureau, Inc. v. Hazeltine*, 340 F.3d 583, 591 (8th Cir. 2003).

[3] *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

[4] *Tower v. Glover*, 467 U.S. 914, 920 (1984); *See*, *e.g.*, *Dossett v. First State Bank*, 399 F.3d 940, 950 (8th Cir. 2005) (*quoting Hudson v. Chi. Teachers Union Local No. 1*, 743 F.2d 1187, 1191 (7th Cir. 1984) ("when a private entity such as a union acts in concert with a public agency to deprive people of their federal constitutional rights, it is liable under § 1983 along with the agency.").

Defendants next argue that Plaintiff's § 1981 claim should be dismissed because he has failed to establish a contractual relationship. The Eighth Circuit has held that "§ 1981 does not provide a general cause of action for race discrimination, if in fact it occurred."[5] "The requirement remains that a plaintiff must point to some contractual relationship in order to bring a claim under § 1981."[6] Because Plaintiff fails to allege that he is either a party or a third-party beneficiary to the Bower's Trust Agreement, he has no contractual standing to challenge the trust agreement. Plaintiff's § 1981 claims are dismissed.

**C.      Ancillary State Claims**

A district courts may decline to exercise supplemental jurisdiction over a state law claim if the district court has dismissed all claims over which it has original jurisdiction.[7] The plain language of the statute grants the court discretion to retain jurisdiction over a pendent state law claim once all federal claims are dismissed.[8] However, the Supreme Court has remarked that, "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."[9] Because Defendants' Motions to Dismiss are

---

[5]*Green v. Dillard's, Inc.*, ___ F.Supp.2d ___ (W.D. Mo. March 22, 2006); *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001).

[6]*Id.*

[7]28 U.S.C. § 1367(c)(3).

[8]*Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006).

[9]*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988).

granted with respect to Plaintiff's federal constitutional claims, I decline to exercise supplemental jurisdiction over his state claims.[10]

Also pending is Plaintiff's Motion for Injunctive Relief (Doc. No. 3). Because there is no federal jurisdiction, Plaintiff's Motion is DENIED.

IT IS SO ORDERED this 9th day of August, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[10] *See Gibson v. Weber*, 433 F.3d 642 (8th Cir. 2006) (Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed).